OPINION
This appeal is brought by the Montgomery County Children's Services Agency ("Agency") from an order of the Juvenile Court that dismissed a complaint filed by the Agency alleging that Sierra Rowland, a minor child, is abused and dependent, and seeking a protective supervision order.
The Agency's complaint was filed on November 5, 2000. It alleged,inter alia:
 The Complainant being duly sworn states upon information and belief that the child, who resides in Montgomery County, is abused and dependent based on the following: The child, because of the acts of the child's parents, guardian, or custodian, suffers physical or mental injury that harms or threatens to harm the child's health or welfare. Ohio Revised Code § 2151.031(D). The child's condition or environment is such as to warrant the state, in the interests of the child, in assuming the child's guardianship. Ohio Revised Code § 2151.04(C).
 The agency became involved with Sierra on August 7, 1999 when Sierra was taken to Children's Medical Center in Dayton. It was reported that Sierra had bruising on her upper right leg and buttocks from being beaten with a belt by her father. Photographs were taken and a police report was filed. A safety plan was developed for the family. Sierra was placed with a baby sitter because father and step-mother were unreachable, and with the understanding that father and step-mother would need to contact the agency before Sierra would return home. It was also reported that this was not the first incident of punishment that resulted in severe bruising. Another incident in June of 1999 was reported, that resulted in the child being kept out of school. At first, the family was cooperating with the agency, but has now stated that further cooperation with the agency is not required of them, because the behavior is not believed to be inappropriate by father or step-mother. The agency feels that the health and well-being of Sierra is in danger without a level of supervision and involvement. Therefore, the agency feels that protective supervision is necessary to protect the child, and is in the best interest of the child.
 Therefore, Complainant requests this Court to adjudicate the child abused and dependent, grant a preferred disposition of protective supervision to Montgomery County Children Services, and order child support and visitation, as provided by law.
The claims for relief were referred to a magistrate, who on April 4, 2000 held hearings on them. Subsequently, on May 1, 2000, the magistrate rendered a decision dismissing the complaint, finding that the Agency had "failed to establish that the child was abused and/or dependent at the time of the filing of the complaint in November 1999."
The Agency filed objections to the magistrate's decision. The juvenile court overruled the objections, holding that the Agency was required to prove that the child was abused and/or dependent when its complaint was filed. This appeal followed.
 ASSIGNMENT OF ERROR THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION WHEN IT DISMISSED THE AGENCY'S COMPLAINT BECAUSE THE STATE FAILED TO PROVE THAT THE CHILD WAS ABUSED OR DEPENDENT AT THE TIME THE COMPLAINT WAS FILED.
R.C. 2151.031 defines the condition of an "abused child." The condition of a "dependent child" is defined by R.C. 2151.04. The section defining each of the conditions describes a number of different circumstances which may be a basis to make the condition concerned. In each instance, the existence of the circumstances involved is expressed in the present tense.
R.C. 2151.353(A) authorizes a juvenile court that finds a child to be abused or dependent to enter a variety of different custody awards to ameliorate or avoid the harmful circumstance(s) from which the condition arises. The question presented here is: at what point in time must the condition(s) be alleged to exist or have existed?
The Supreme Court has held that the circumstances on which a finding ofdependency is based are those which exist when the hearing on a complaintalleging dependency is held. In re: Kronjaeger (1957), 166 Ohio St. 172. Subsequently, in 1969, the General Assembly amended R.C. 21151.23(A)(1), which now states: "The juvenile court has exclusive original jurisdiction . . . [c]oncerning any child who on or about the date specified in the complaint is alleged to be a[n] . . . abused, neglected, or dependent child."
The 1969 amendment of R.C. 2151.23(A)(1) legislatively overruledKronjaeger. In re Sims (1983), 13 Ohio App.3d 37. Now, the date onwhich dependency existed must be alleged in the complaint, and the trialcourt must determine that the circumstance(s) which support a finding ofdependency existed as of the date or dates alleged in the complaint. Inre Hay (May 31, 1995), Lawrence App. No. 94CA23, unreported. The findings the court must make from the evidence presented at the hearing are, therefore, retrospective in nature. Nevertheless, the custodial relief the court may order on those findings is necessarily current and prospective.
When it overruled the objections to the magistrate's decision and dismissed the Agency's complaint, the juvenile court relied on the decision of this court in State v. Frazier (Sept. 13, 1996), MontgomeryApp. No. 15273 and 15274, unreported. Frazier was a criminal prosecutionof parents brought pursuant to R.C. 2919.21(B) for nonsupport ofdependent children. In reviewing the elements of that offense, we notedthat a finding of dependency was a necessary element of the criminaloffense alleged. Citing Kronjaeger, we added that the "court mustdetermine whether a child is dependent or neglected in such cases at thetime of trial." Id., at p. 5.
 The trial court misapplied our holding in Frazier in resolving theissue before it. Criminal prosecutions for nonsupport brought pursuantto R.C. 2919.21(B), though they require a finding of dependency, areindependent of the requirements which R.C. 2151.23(A)(1) imposes toinvoke the jurisdiction of the juvenile court in a civil action allegingdependency. That section requires a finding that dependency existed onthe date alleged in the complaint. The requirement has no directapplication to criminal actions for nonsupport, even though they alsorequire a finding of dependency. Our reference in Frazier to the priorrule of Kronjaeger was not misplaced. Nevertheless, it did not amount toa finding that Kronjaeger survived the 1969 amendments of R.C.2151.23(A)(1), as the Juvenile Court found.
R.C. 2151.23(A)(1) is jurisdictional. It prescribes the allegations the complaint must contain in order to invoke the jurisdiction of the juvenile court. It also creates a requirement of due process, because in order to grant the relief for which R.C. 2151.353(A) provides the court must find that the jurisdictional facts alleged existed on or about the date or dates alleged. Otherwise, the fundamental requirements of notice are not satisfied. That is not to say, of course, that the court is prohibited from also finding that the underlying circumstance(s) from which the conditions it finds yet continue. Even so, that finding, standing alone, is insufficient to satisfy the requirements imposed by R.C. 2351.23(A)(1).
Nevertheless, we agree with the Agency that the trial court erred when it dismissed the Agency's complaint. The complaint did not explicitly state that the circumstances from which abuse or dependency should be found existed on a date specified. From that, the court concluded that the operative date was, necessarily, the date the complaint was filed. However, the complaint did reference an event which allegedly occurred on or about August 7, 1999, from which the findings the Agency requested of the court could be made and the relief it requested could be ordered. Therefore, there was adequate notice that the events of that date, as they were described, were the basis of the relief the Agency requested. The complaint was not subject to dismissal for failure to comply with R.C. 2151.23(A).
The assignment of error is sustained. The order from which the appeal was taken will be reversed, and the cause will be remanded to the trial court for further proceedings.
 _____________ GRADY, J.
FAIN, J. and YOUNG, J., concur.